RECORD NO. 13-4420

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

*Plantiff-Appellee,*

v.

SANTONIO LENORD MINUS,

*Defendant-Appellant.*

─────────────

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE  WESTERN DISTRICT OF VIRGINIA
AT HARRISONBURG

─────────────

**OPENING BRIEF OF APPELLANT
SANTONIO LENORD MINUS**

─────────────

Michael T. Hemenway
THE LAW OFFICES OF
  MICHAEL T. HEMENWAY
801 East Jefferson Street
Charlottesville, Virginia 22902
(434) 296-3812 Telephone
hemenwaylaw@aol.com

*Counsel for Appellant*

January 2, 2014

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ ii

JURISDICTIONAL STATEMENT ................................................................1

STATEMENT OF THE ISSUE......................................................................1

STATEMENT OF THE CASE.......................................................................1

STATEMENT OF FACTS ..............................................................................2

SUMMARY OF THE ARGUMENT ..............................................................5

ARGUMENT ..................................................................................................5

I.    THE DISTRICT COURT ERRED IN FAILING TO GRANT MINUS'
      MOTION FOR JUDGEMENT OF ACQUITTAL ..................................5

      a.    Standard of  Review ......................................................................5

      b.    Argument .......................................................................................5

II.   THE DISTRICT COURT ERRED IN DENYING MINUS' OBJECTION TO
      PRESENTENCE REPORT .................................................................14

      a.    Standard of Review......................................................................14

      b.    Argument .....................................................................................14

CONCLUSION .............................................................................................17

CERTIFICATE OF COMPLIANCE.............................................................18

CERTIFICATE OF SERVICE .....................................................................18

i

# TABLE OF AUTHORITIES

## CASES

Page

Glasser v. United States,
    315 U.S. 60 (1942)........................................................................7

United States v. Burgos,
    94 F.3d 849 (4th Cir. 1996) ........................................................7

United States v. Lowe,
63 F. 3d 1137, 1142 (4th Cir. 1995), cert. denied, 519 U.S. 807 (1996)) ................7

United States v. Curtis,
    324 F.3d 501 (7th Cir. 2003) ................................................6, 13

United States v. Johnson,
    114 F.3d 435 (4th Cir. 1997), *cert denied*, 522 U.S. 903 (1997) ...............5, 14

United States v. Perry,
    335 F.3d 316 (4th Cir. 2003) ................................................5, 14

United States v. Taylor,
    464 F.2d 240 (2nd Cir. 1972) ....................................................13

United States v. Villareal,
    324 F.3d 319 (5th Cir. 2003) ................................................6, 13

## STATUTES

21 U.S.C. § 841(a)(1)........................................................................2
21 U.S.C. § 846................................................................................2
18 U.S.C. § 3231..............................................................................1
28 U.S.C. § 1291..............................................................................1
U.S.S.G. § 2(d)1.1(C)(3).............................................................14, 17
U.S.S.G. § 2(d)1.1(C)(13)................................................................17

## RULES

Federal Rule of Criminal Procedure 33 ....................................................5
Federal Rules of Criminal Procedure Rule 29 .........................................5, 6

## JURISDICTIONAL STATEMENT

The District Court for the Western District of Virginia had jurisdiction over this action under 18 U.S.C. § 3231, because the action involved the prosecution for an offense against the United States. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 1294, because it is from a judgment rendered by the United States District Court for the Western District of Virginia. The Judgment against Santonio Lenord Minus ("Minus") was entered on May 7, 2013. (Joint Appendix at page 2263, hereinafter "JA 2263"). Minus appealed the judgment by filing his notice of appeal on May 29, 2013. JA 2270. This District Court's judgment was a final one, disposing of all the parties' claims.

## STATEMENT OF THE ISSUES

I.    The District Court erred in failing to grant Defendant Minus' Motion for Judgment of Acquittal. JA 2206.
II.   The District Court erred in denying Defendant Minus' objections to the Presentence Report regarding applicable drug weight. JA 2313, 2318.

## STATEMENT OF THE CASE

On April 19, 2012, a grand jury for the Western District of Virginia, Harrisonburg Division, returned a 29 count indictment naming Nikki Kathleen Williams, Alfanco Dexter Britton, Antonio Demetrius Williams, Demario Dermine

1

Coffie, Santonio Lenord Minus (hereinafter "Minus"), Kathy Dawn Wheeling, David Allen Shifflett, and Sycarra Lawonn Chinn. Specifically, Count 1 charged that from May 2009 to April 19, 2012, the defendants conspired to distribute and manufacture 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Counts 23, 24, 26, 28 charged that on specific dates: October 5, 2011; November 2, 2011; November 18, 2011; and December 28, 2011; that Santonio Minus distributed a quantity of cocaine base, all in violation of 21 U.S.C. § 841(a)(1). Counts 25 and 27 charged that on November 11, 2011 and November 22, 2011, Minus and Sycarra Lawonn Chinn distributed a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Additionally, the indictment provided for a notice of forfeiture.

On November 1, 2013, following a jury trial, Minus was found guilty of Counts 1, 23, 24, 25, 27, and 28. He was acquitted of Count 26. The Court ordered a presentence report and set sentencing for March 6, 2013. On May 29, 2013, Minus noted his appeal.

## STATEMENT OF THE FACTS

Beginning in 2010, law enforcement initiated an investigation into illicit drug trafficking activities involving Antonio Demetrius Williams, aka "Lil Wayne" in Winchester, Virginia. Through the use of surveillance, confidential informants, search warrants, and information from indicted and unindicted co-conspirators,

2

investigators identified Nikki Kathleen Williams, Alfanco Dexter Britton, Demario Dermine Coffie, Santonio Lenord Minus, Kathy Dawn Wheeling, David Allen Shifflett, and Sycarra Lawonn Chinn as members of a cocaine base conspiracy utilizing Nikki Williams and Alfanco Britton as the source of supply.

Authorities identified Nikki Williams as the "leader" of the organization based on her management of cocaine base quantities (supplies), distribution quantities (sell prices), and drug proceeds (i.e., cash, gift cards). Specifically, Ms. Williams utilized her primary distributor, Alfanco Britton, to wire drug proceeds, transport cocaine base from Florida to Virginia, and distribute quantities of cocaine base to customers. JA 2295. Additionally, based on instructions provided by Ms. Williams, Britton provided quantities of cocaine base to co-defendants Demario Coffie, Antonio Williams (Ms. Williams' son), and, allegedly, Santonio Minus for redistribution. JA 2295. Authorities also alleged that Kathy Wheeling and David Shifflett were allowing Britton, A. Williams, Coffie, and Minus to distribute cocaine base from their residences in Winchester, Virginia.

Controlled purchases of cocaine base were made from multiple members of the conspiracy at multiple locations in and around Winchester, Virginia, but only six of these, totaling less than 1.5 grams, were from Minus. JA 2295.

The evidence against Minus at trial indicated that his involvement began around February 2011, and was based on uncorroborated testimony provided by

3

co-defendant Kathy Wheeling. Specifically, Wheeling identified Minus at her residence on 122 Ward Ave. in Winchester, Virginia, where she said that the defendant was selling a couple times a week from her residence, along with Nikki Williams, Antonio Williams, Britton, and Coffie, up to April 2011. JA 1399-1400.

Around August, 2011, Minus became involved with co-defendant, Sycarra Lawonn Chinn, who said that in addition to a $100 hand-to-hand drug transaction of cocaine base she made on Minus' behalf on November 22, 2011, she remained involved in an intimate relationship with Minus. She subsequently testified that Minus would leave her five $50 pieces (2.5 grams total) of cocaine base to sell for him when he was out of town and that she had sold cocaine for Minus in these small amounts on about 10 occasions. JA 1638-1640.

David Shifflett testified at trial that he allowed Minus to sell between 3 and 6 grams of crack at a time from his residences at Bellview Avenue and Henry Avenue from approximately December 1, 2011 through the end of the conspiracy on April 19, 2012. JA 1293-1295.

Based on all the above, the defendant was found guilty and accountable for at least 840 grams of cocaine base. JA 2278. Minus filed a Motion for Judgment of Acquittal in which he argued that the evidence was insufficient for a reasonable fact finder to find him guilty of the charges and, specifically, he contested the large amount of drug weight attributed to him. JA 2132, 2313, 2318, 2330.

4

## SUMMARY OF THE ISSUES

I.    The District Court erred in denying Defendant Minus' Motion for Judgment Acquittal.  JA 2206.

II.   The District Court erred in denying Minus' objection to the Presentence Report regarding applicable drug weight.  JA 2313, 2318.

## I.    THE DISTRICT COURT ERRED IN FAILING TO GRANT MINUS' MOTION FOR JUDGEMENT OF ACQUITTAL

### a.    Standard of Review.

A district court's determination will be reviewed on appeal under an abuse of discretion standard.  United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003). Any findings made in connection with rulings are viewed for clear error.  United States v. Johnson, 114 F. 3d 435, 439 (4th Cir. 1997), *cert denied*, 522 U.S. 903 (1997).

### b.    Argument

Santonio Minus, by his counsel, pursuant to Federal Rules of Criminal Procedure Rule 29, moved for judgment of acquittal on all counts, because the evidence at trial was not sufficient to sustain a verdict on the counts for which the jury found Defendant Minus guilty. In the alternative, Defendant moved the Court to grant a new trial, pursuant to Federal Rule of Criminal Procedure 33.

5

The court must determine whether the evidence, viewed in the light most favorable to the government, establishes the essential elements of the offense. United States v. Villareal, 324 F.3d 319 (5th Cir. 2003). The court should grant a Rule 29 motion if the record is devoid of any evidence from which a jury could find guilty beyond a reasonable doubt. United States v. Curtis, 324 F.3d 501 (7th Cir. 2003).

On November 1, 2012, after a nine day jury trial, the jury returned guilty verdicts against Santonio Minus on six counts of the indictment in this case, including conspiracy to distribute 280 grams or more of crack cocaine and five counts of distributing measurable quantities of crack cocaine on specific days in late 2011. JA 2119. Minus was acquitted on one distribution count. On November 14, 2012, Minus filed a Motion for Judgment of Acquittal. JA 2132.

The district court responded to Minus's motion at an evidentiary hearing on February 13, 2013, (JA 2152), and by its Memorandum Opinion on April 29, 2013. JA 2199. The court noted that Minus challenged the jury's verdict under Federal Rule of Criminal Procedure 29, contending that "the record is devoid of any evidence upon which a reasonable jury could find Defendant Minus guilty beyond a reasonable doubt on any of the counts."

In considering a Rule 29 motion following a guilty verdict, the court is required to assess whether, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by "substantial evidence." United States v. Burgos, 94 F.3d 849, 862 (4ᵗʰ Cir. 1996) (en banc) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). The Fourth Circuit has defined "substantial evidence" to be "evidence that a reasonable trier of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilty beyond a reasonable doubt." Id. "A Court, therefore, may not overturn a substantially supported verdict because it finds the verdict unpalatable or determines that another, reasonable verdict would be preferable." Id. Rather, a court may set aside a jury verdict "if the record demonstrates a lack of evidence from which a jury could find guilty beyond a reasonable doubt." Id. (citing United States v. Lowe, 63 F. 3d 1137, 1142 (4ᵗʰ Cir. 1995), cert. denied, 519 U.S. 807 (1996)).

The trial court ruled that there was substantial evidence of Minus' involvement in the crack cocaine conspiracy charged in this case and that the jury was instructed on the law applicable to drug conspiracies in accordance with Fourth Circuit precedent. The court found that the jury weighed the credibility of the witnesses and found Minus guilty of conspiracy, and subsequently denied Minus' Rule 29 Motion for Judgment of Acquittal on April 29, 2013.

7

Minus argues herein that even when viewed in the light most favorable to the Government, the record was devoid of any evidence upon which a reasonable jury could find Defendant Minus guilty beyond a reasonable doubt on any of the counts. The evidence at trial regarding the conspiracy count was simply not sufficient to support a conviction on that allegation.

Specifically, David Shifflett, a cooperating witness, stated that Defendant Minus delivered 5 or 6 pieces of crack each day to Defendant Britton at Shifflett's house. JA 1293-1295. However, not one of the other witnesses who testified that they were at Shifflett's house each day recognized Defendant Minus nor could they place him at Shifflett's house, nor identify him as being involved in drug dealing at Shifflett's house. It was clear that Shifflett's testimony regarding this point was simply not credible and does not rise beyond a reasonable doubt.

Kathy Wheeling's testified that she saw Defendant Minus with crack only one time when he was putting it into a cigar tube. JA 1442. This was insufficient to establish his involvement in the conspiracy and there was no evidence of any connection to the conspiracy or to the other alleged co-conspirators. Her improbable testimony that Minus had his own drug operation in West Virginia had no connection to the conspiracy charged in the indictment, nor did it involve any of the other defendants. In fact, the allegation of a separate drug operation in West Virginia was first introduced on the redirect examination of Kathy Wheeling and

8

was not corroborated by any other evidence. JA1510.    The Government could present no other evidence of any such operation, despite calling over thirty witnesses concerning drug dealing by the co-defendants in this case.

Sycarra Chinn's testified that Minus gave her drugs to sell when he was out of town, but her testimony was totally unsupported and should not have been considered credible by a reasonable trier of fact. JA 1638-1640.  At the hearing on his motion for judgment of acquittal, trial counsel also pointed out that Ms. Chinn was selling drugs on her own to a police informant at the same time the police alleged that she was selling drugs to the same informant on Minus' behalf. JA 2170-71.  Chinn also stated that she was romantically involved with Minus but, on the other hand, she stated that her sexual preference was for women. JA 1654-55. Chinn's testimony was uncorroborated and simply cannot support a conspiracy conviction.

The government called approximated thirty witnesses and only three witnesses made any possible connection of Minus to the conspiracy charged. Minus argues that the unsupported and contradictory testimony of these witnesses cannot constitute proof beyond a reasonable doubt to sustain a conviction in this case.  This is especially true when the conspiracy lasted more than two years and none of the other witnesses recognized Minus or testified that he had any connection to the conspiracy.

Three of the six individual drug distribution counts alleged against Minus involved only Kevin Freeman, who was not a member of the conspiracy. Minus argues that both the jury and the judge erred in finding that these distributions be allowed as substantive evidence to find Minus guilty of the conspiracy.

Of the individual distribution counts involving Sycarra Chinn and Minus, Counts 25 and 27, the jury found Minus not guilty of the one count involving her and Kevin Freeman (Count 26). Clearly the jury did not believe the Government's witnesses. Significantly, on each of the remaining counts of distribution against Minus, the same person, Kevin Freeman, was the only witness to identify Minus as the person giving him drugs. JA 1110, 1112.

Additionally, Freeman, who was the governement's key witness, admitted that he bought drugs from Sycarra Chinn and others while working for the Government as an informant, and admitted using the funds he received as an informant to purchase drugs for himself. The fact that Freeman was not charged with these serious felonies and his admission of serious, yet unpunished, criminal conduct call into serious question Freeman's credibility or acceptability as the key government's key witness.

Freeman's lack of credibility was further highlighted by the fact that he was not able to testify coherently nor accurately as to the alleged drug transactions involving Minus. JA 1146-47. In at least three of those alleged distribution

counts, Counts 25-27, Mr. Freeman's testimony was confused and incoherent, and clearly failed to provide a rational jury with sufficient information to find Minus guilty of those distribution counts about which he testified. JA 1105-59.

As to Count 25, Detective Bielecki and Kevin Freeman testified about two completely different events involving different people on November 11, 2011, and Santonio Minus was not present at either one of the events testified about. JA 479, 487-88, 1125. As Minus's trial counsel argued, the interests of fairness and Justice required that the trial court should have entered a judgment of acquittal on Count 25.

In determining whether the judge erred in denying Appellant's motion, it is noteworthy that Kevin Freeman perjured himself when he testified that he grew up in the same town as Minus and that he knew him from childhood, which was the basis for Minus's nickname "BG," which was derived from Belle Glade. JA 1141. On cross examination, Mr. Freeman admitted that he did not grow up in the same town as Minus and did not know him as a child. JA 1182-83.

As noted, the jury acquitted Minus on Count 26, but convicted on Count 27, where the same witness, Kevin Freeman, provided the testimony. JA 1105-59. As to Count 27, Detective Bielecki did not testify that he knew or recognized Minus' voice nor that he ever heard his voice. The only evidence to connect Minus to the

11

transaction was through Kevin Freeman, who provided no testimony about the November 22, 2011 date.

Likewise, Sycarra Chinn failed to provide any specific details about her handling of drug transactions for Minus, other than to say in general terms that when he went out of town and he left drugs for her to sell. Significantly, she provided no testimony regarding any details of the November 22, 2011 drug transaction.

As argued by trial counsel, there was simply no evidence before the Court to support a conviction of Defendant Minus for Count 27, and the judge erred in denying his motion.

As to Counts 23 and 24, Kevin Freeman was the only witness that could conceivably implicate Minus. However, due to Freeman's complete lack of credibility, no actual evidence by law enforcement personnel to identify Minus as the person conducting the transactions with Kevin Freeman, and taking into account the interests of fairness and justice, the Court erred in denying Minus's motion for a judgment of acquittal on these counts.

As noted by courts in other circuits, it is the judge's duty to prevent jury convictions that are based on conjecture or speculation. "The functions of the jury include the determination of credibility of witnesses, the weighing of the evidence, and the drawing of justifiable inferences of fact from proven facts. It is the

function of the judge to deny the jury any opportunity to operate beyond its providence. The jury may not be permitted to merely conjecture, nor to make conclusions based upon speculation, passion, prejudice, or sympathy. If the evidence is such that reasonable jurymen must necessarily have such a doubt, the judge must require acquittal, because no other result is permissible within the fixed bounds of jury consideration. But, if a reasonable mind might fairly have a reasonable doubt or might fairly not have one, the case for the jury, and the decision is for the jurors to make." United States v. Taylor, 464 F.2d 240 (2nd Cir. 1972), at 243. In the case at bar, a reasonable jury must have had speculated about the evidence and there was a clearly reasonable doubt as to Minus' guilt and as to the drug weight attributed to him.

The court must determine whether the evidence, viewed in the light most favorable to the government, establishes the essential elements of the offense. United States v. Villareal, 324 F.3d 319 (5th Cir. 2003). The court should grant a Rule 29 motion if the record is devoid of any evidence from which a jury could find guilty beyond a reasonable doubt. United States v. Curtis, 324 F.3d 501 (7th Cir. 2003). Because of the credibility issues surrounding the witnesses, as well as the lack of evidence supporting the jury's findings of guilt, the jury necessarily had to have found reasonable doubt, and erred in its failure to do so.

13

## II.  THE DISTRICT COURT ERRED IN DENYING MINUS' OBJECTIONS TO PRESENTENCE REPORT.

### a.    Standard of Review.

A district court's determination will be reviewed on appeal under an abuse of discretion standard.  United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003). Any findings made in connection with rulings are viewed for clear error.  United States v. Johnson, 114 F. 3d 435, 439 (4th Cir. 1997), *cert denied*, 522 U.S. 903 (1997).

### b.    Argument

At his sentencing hearing on May 22, 2013,  Appellant Minus noted his objections to the presentence investigation report prepared by Eric Taylor, United States Probation Officer, specifically regarding the drug weight attributed to him. JA  2277.   The trial court found that the base level offense level in this case was 34, pursuant to U.S.S.G. Section 2(d)1.1(C)(3), which was based upon a finding of 840 grams but less that 2.8 kilograms,  and that Minus' Criminal History Category was V.  JA 2288.  Based upon level 34 and Category V, the guideline sentencing range was 235 to 293 months of incarceration.  JA 2288.  The trial judge varied downward from the sentencing guidelines and imposed a sentence of 180 months. JA 2263.

The probation officer prepared a list of the controlled purchases of cocaine made by the co-defendants in this case.  JA  2275.   The amounts of actual cocaine

14

attributed to Minus over the two year period of the conspiracy were: .333 grams on 10/5/2011; .336 grams on 11/2/2011; .326 grams on 11/11/2011; $100 worth on 11/22/2011; .241 grams on 12/28.2011; and $100 worth on 2/16/2012.  JA 2275.

The uncorroborated trial testimony that Mr. Taylor relied upon to determine relevant drug weight for Minus was not credible testimony.  As argued by trial counsel, the witnesses were cooperating witnesses for a benefit, and as such their testimony was already highly suspect.  Their testimony was uncorroborated, and their credibility was greatly impeached.  Their testimony flew in the face of reason and was inconsistent with the Government's theory of the case.

The bulk of the relevant drug weight assigned to Minus by the probation officer was based upon the uncorroborated testimony of David S. Shifflett, who stated that Minus was supplying large amounts of crack each day to Britton while Britton was staying at Shifflett's house and dealing drugs from the residence.  As argued to the trial judge, this uncorroborated testimony was in contradiction to the Government's case that Britton was the supplier, and is contradictory and inconsistent with the trial testimony of all the other Government witnesses.

As previously noted, the actual drug weight as evidenced by the physical evidence for all the distribution charges for which Santonio Minus was convicted adds up to less than 2 grams. The physical evidence collected for all of the individual counts of distribution of cocaine support a finding that Minus was

15

simply a small time street dealer, who was selling small amounts of drugs to support his own drug use. There was no other credible trial evidence that Minus had access to large supplies of crack nor had the ability to obtain such amounts.

There was substantial testimonial evidence elicited at trial by cooperating witnesses, but simply because a cooperating witness testified to a particular matter at trial did not make the testimony factually accurate, and such testimony must be weighed and examined in light of all the evidence.

While credibility of witnesses always remains a substantial issue, there was significant trial testimony to support the premise that Minus was a simply a street dealer.

David Shifflett was the sole witness who indicated that Minus was a supplier and his testimony was substantially and seriously discredited and impeached. Additionally, most all of the Government witnesses who were present at crack houses and places with Britton and the other three defendants could not identify Minus and did not know him.

The controlled buys resulting in each of the distribution counts against Minus were for very small amounts and there was no credible evidence at trial to support a finding that Minus was a big supplier of drugs. Based on the weight of the controlled buys of actual cocaine calculated by the probation officer, the base

offense level should have been no more than level 14.   U.S.S.G. Section 2(d)1.1(C)(13).

The drug weight attributed to Santonio Minus was excessive and the trial court erred in sentencing him to 180 months incarceration.  Based upon a level 14 and Category V, the sentencing range should have been 33 to 41 months.


## CONCLUSION

WHEREFORE, as to Issue 1, Santonio Minus prays that this Court enter a judgment of acquittal on all counts.  As to Issue 2, Minus prays that this Court vacate his sentence and find that the relevant drug weight related to his conduct results in a base offense level no greater than level 14, pursuant to U.S.S.G. Section 2(d)1.1(C)(13).


Respectfully submitted

/s/Michael T. Hemenway
Michael T. Hemenway
Attorney at Law
801 E. Jefferson Street
Charlottesville, VA  22902
(434) 296-3812
VSB No. 29820
Counsel for Appellant Minus


17

## CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATION

1.  This brief has been prepared using:

 X  Fourteen point, proportionally spaced, serif typeface of Microsoft Word.
__ Twelve point, monospaced typeface.

2.  EXCLUSIVE of the corporate disclosure statement, not applicable, table of contents, statement with respect to the oral argument, any addendum containing statutes, rules or regulations, and certificate of service, the brief contains:

18 Pages; or
3, 790 Words.

I understand that a material representation can result in the Court's striking the brief and imposing sanctions.  If the Court so directs, I will provide an electronic version of the brief and/or a copy of the work or line print-out.

/s/Michael T. Hemenway

## FILING AND SERVICE CERTIFICATE

I certify that on January 2, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Michael T. Hemenway
Michael T. Hemenway
Attorney for Minus
VSB Number 29820